## STATE v. JOHN LEE.[1]

July 10, 1914.

Nos. 18,836—(281).

**Assault — verdict sustained.**

1. The verdict is not against the evidence nor contrary to law.

**New trial.**

2. No abuse of discretion is found in denying a new trial on the ground of newly discovered evidence where such evidence is uncertain and merely corroborative and cumulative of positive and certain testimony of several witnesses on the same matter.

Defendant was indicted for the crime of assault in the second degree, tried in the district court for St. Louis county before Hughes, J., and a jury, and convicted. Defendant's motion for a new trial was denied. From the judgment entered pursuant to the verdict, defendant appealed. Affirmed.

*M. N. McMahon, George F. Shea, Robert S. Kolliner* and *Albert H. Hall,* for appellant.

*Lyndon A. Smith,* Attorney General, *Alonzo J. Edgerton,* Assistant Attorney General, *W. E. Greene,* County Attorney, and *Edward L. Boyle,* Assistant County Attorney, for respondent.

HOLT, J.

The defendant was convicted of assault in the second degree and appeals.

There are only two questions presented. Was the evidence of guilt sufficient to sustain the conviction, and was defendant entitled to

[1] Reported in 148 N. W. 280.

a new trial because of newly discovered evidence. One McDonald, the prosecuting witness, testified that he and some companions had passed the evening going between Chisholm and Hibbing and drinking beer until about 2:30 A. M. of May 8, 1913, when he concluded to go to a lodging house over one of the saloons in Hibbing for a room. The defendant was the proprietor. The rooms were filled, and McDonald was so informed. He went down stairs, but returned presently for the same purpose, and an altercation took place with the result that defendant with a knife inflicted a gash, five inches long and as deep as three inches at its deepest point, in the back part of McDonald's shoulder. The defendant and his witnesses claimed that McDonald had a revolver, and threateningly placed it against the defendant, whereupon the latter struck at McDonald's arm and turned him around, and in that manner the wound was given, really in self defense. McDonald contended that he had no revolver, did not offer any violence, and was cut from behind as he was going down stairs. The physician's testimony, who attended McDonald's injuries, tended to corroborate the claim that the wound was inflicted from the rear. No revolver was found upon McDonald when he was arrested shortly after the affray. There can be no doubt that McDonald, being more or less intoxicated, was unduly persistent in seeking a room, and also was guilty of using offensive language to the defendant and his housekeeper, but whether the wound, confessedly inflicted by a knife in the hands of the defendant, was so inflicted in self defense or was otherwise excusable, was for the jury. An attentive examination of the record compels the conclusion that this court is not warranted in setting aside the action of the jury and the court below. No useful purpose will be served by discussing the evidence or the probability or improbability of the story told by the several witnesses. Here is the usual array of contradiction, the seeming reluctance of some witness to be frank and fair, the doubt, which is so often suggested when a witness's faculties have become beclouded from intoxicants, that he is not able with the best of intention to testify truly as to what was said and done, all of which, however, is for the jury to solve.

Nor can it be held that it was an abuse of discretion to deny a new trial on the ground of newly discovered evidence. The defend-

ant and his two witnesses testified, as before stated, that McDonald shoved a revolver against defendant's face. McDonald swore that he had no revolver. None was found upon him when arrested within a few minutes after the affray. An affidavit from Lottie Miller is presented as newly discovered evidence. She states that she was working in the restaurant below this lodging house, that she heard this altercation upstairs; that soon thereafter she saw McDonald come down the stairway bleeding and passed the counter where she was standing; and that, as McDonald passed a young man, whom she does not know, standing near the door, he handed to the young man a bluish or black shining instrument which to the best of her knowledge and belief was a revolver. The defendant deposes that, prior to the trial, Lottie Miller denied knowledge of any fact material to his defense and stated to him that she did not want to be mixed up in the affair. The affidavit of Lottie Miller is somewhat uncertain as to the instrument she saw being a revolver, but at most it is merely cumulative and corroborative of the positive testimony of the defendant and his two witnesses that McDonald had a revolver, and contradictory of that of the latter that he had none. The rule is well settled that in such a case it is not reversible error in the trial court to hold that the newly discovered evidence does not entitle the party to a new trial.

The conviction is affirmed.